IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM L. ALEXANDER, | ) CASE NO. 5:06CV2827 |
| Petitioner, | ) |
| | ) JUDGE LIOI |
| v. | ) |
| | ) MAGISTRATE JUDGE HEMANN |
| DAVID BOBBY, Warden, | ) |
| | ) **AMENDED** |
| | ) **REPORT AND RECOMMENDATION**[1] |
| Respondent. | ) |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is William L. Alexander's ("Alexander") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on November 22, 2006. Alexander is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entries of sentence in the case of *State of Ohio vs. Alexander*, Case No. CR 04 01 0039 (Summit County 2004). For the reasons set forth below the magistrate judge recommends that the petition be dismissed.

I

The January 2004 term of the Summit County grand jury indicted Alexander on one count of aggravated murder with a firearm specification, one count of attempted murder with a firearm specification, and two counts of having a weapon while under a disability. Alexander pleaded not guilty to all counts. The state appellate court reviewing Alexander's

---

[1]The Amended Report and Recommendation reflects the transfer of this case to Judge Lioi from Judge Boyko.

conviction found the following relevant facts:

{¶ 12} On April 2, 2002, Defendant woke up and noticed that his car had been broken into, and approximately $2000.00 of stereo equipment had been stolen. The thief had left a cheeseburger in Defendant's car. Defendant and his cousin, Arthur Wilson (Wilson), went to a local gas station where the cheeseburger had been purchased. They were shown a videotape of a man buying a cheeseburger early in the morning wearing a jogging suit. Defendant and Wilson recognized the man as someone from the neighborhood, but did not know his name.

{¶ 13} Later that day, Wilson and Defendant were driving around and noticed the man that they had seen in the video. They pulled over and asked him if he had stolen anything out of Defendant's car and then showed him the cheeseburger and asked if he left it in Defendant's car. Wilson testified that Khayree Rodgers (Rodgers) started to get scared and "things started getting hot." "[T]he next thing [Wilson] kn[e]w * * * [Defendant] had pulled a gun out and pulled the trigger and it just went click and didn't go off." Wilson stated that Defendant was pretty upset that the gun did not work. Defendant testified that he knew that the gun did not work, that he had taken it to a repair shop and was told that they could not fix it.

\* \* \* \* \*

{¶ 15} After the incident with Rodgers when Defendant's gun did not fire, Wilson and Defendant went to a friend's house and Defendant bought another gun, which Wilson described as a "big gun." Defendant stated that it was a .357 semi-automatic revolver that was loaded with five bullets. Defendant got back into the car and they drove around, drinking and smoking marijuana. They ran into a friend of Wilson's, Calvin Hunt (Hunt) at his apartment, and Hunt ended up getting in the vehicle with them. They decided to go to Frank's Place, a local bar. As they pulled into the parking lot, they saw Rodgers.

{¶ 16} In the parking lot of Frank's Place, Wilson pointed Rodgers out to the other two. Wilson testified: "that's when [Defendant] pulled the gun out and [Hunt] snatched the gun." Defendant testified that he had handed or slid the gun to Hunt. Wilson testified that Hunt then stated "I'm going to show you how to do this" to Defendant and jumped out of the car. They heard a "pop," then Hunt ran back to the car and told them to go. Defendant testified that he told Hunt "that was good looking" after Hunt had shot Rodgers. Defendant asked Hunt what he wanted after he had shot Rodgers and Hunt replied "well, just take care of me for something." The three then drove away leaving Rodgers bleeding on the sidewalk.

{¶ 17} Melissa Murray Stokes went to Rockne's bar at about 1:00 am on April 3, 2002. As she walked up to the establishment she saw a man who was lying on the ground with blood spurting from his neck. She called 911. Officer Devin Pickett responded to the call and found Khayree Rodgers unresponsive and bleeding from

the neck. Rodgers was transported to the hospital where he died on April 5, 2002.

{¶ 18} After the shooting, Wilson and Defendant dropped Hunt off. They then drove to Michigan and stayed there for a few days. They made a few phone calls to Akron to determine whether or not there were any witnesses to the crime and whether they were suspects. They returned to Akron when they felt it was safe to come back. Defendant was indicted on January 13, 2004.

*State v. Alexander*, 2005 WL 1162984, at *3-*4 (Ohio App. May 18, 2005).

Alexander moved on February 4, 2004 to suppress statements he had made to police officers. On February 20, 2004, Alexander also moved to suppress physical evidence. The court denied both motions on July 19, 2004.

After a jury trial, Alexander was convicted of one count of the lesser included offense of complicity to murder with a firearm specification, one count of the lesser included offense of felonious assault, and one count of having a weapon while under a disability. On August 2, 2004 the court sentenced Alexander to three years for the firearm specification, 15 years to life for the murder conviction, eight years for felonious assault, and three years for having a weapon while under a disability. The two three-year sentences were merged, then the court ordered that all remaining sentences be served consecutively.

Alexander timely filed a notice of appeal in the state appellate court. Alexander asserted three assignments of error on appeal:

ASSIGNMENT OF ERROR ONE

APPELLANT'S CONVICTIONS FOR MURDER WITH A FIREARM SPECIFICATION AND FELONIOUS ASSAULT WERE BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW, AND WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN VIOLATION OF APPELLANT'S SIXTH AMENDMENT RIGHT TO JURY TRIAL BY IMPOSING MAXIMUM AND

CONSECUTIVE SENTENCES.

### ASSIGNMENT OF ERROR THREE

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING.

On May 18, 2005 the state appellate court overruled Alexander's assignments of error and affirmed the judgment of the trial court.

On September 29, 2005 Alexander filed in the Ohio Supreme Court a notice of appeal and a motion to file a delayed appeal. On November 9, 2005 the Ohio Supreme Court denied Alexander's motion for a delayed appeal.

On July 14, 2006 Alexander filed pursuant to Ohio App. R. 26(B) an application in the appellate court to reopen his direct appeal. The state appellate court denied Alexander's untimely application, finding that Alexander had failed to show good cause for filing his application more than a year after the appellate court reached its original decision.

Alexander filed a petition for a federal writ of habeas corpus in this court on November 22, 2006. Alexander asserts seven grounds for relief:

> A.  Ground one: PETITIONER'S CONVICTION OBTAINED BY COERCED STATEMENTS IN VIOLATION OF DUE PROCESS OF LAW.
>
> B.  Ground two: THE TRIAL COURT IMPROPERLY ADMITTED STATEMENTS IN VIOLATION OF THE 4TH, 5TH, 6TH AMENDMENTS' EXCLUSIONARY RULE.
>
> C.  Ground three: PETITIONER'S MOTION TO SUPPRESS WAS DENIED DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL AT THE HEARING.
>
> D.  Ground four: PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL.
>
> E.  Ground five: TRIAL COURT ERRED IN VIOLATION OF PETITIONER'S SIXTH AMENDMENT RIGHT TO JURY TRIAL BY IMPOSING MAXIMUM AND CONSECUTIVE SENTENCES.

> F.  <u>Ground six</u>: PETITIONER WAS ENTRAPPED INTO VIOLATING HIS PRIVILAGE [sic] AGAINST SELF-INCRIMINATION, WHICH WAS USED TO OBTAIN HIS CONVICTION.
>
> G.  <u>Ground seven</u>: PETITIONER'S CONVICTIONS FOR MURDER AND FELONIOUS ASSAULT WERE BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.

(Punctuation altered from the original.) Respondent filed a Return of Writ on March 8, 2007 (Docket #10). Alexander filed a Traverse on May 7, 2007 (Docket #13). Thus, the petition is ready for decision.

II

*A. Jurisdiction*

Alexander was sentenced by the Court of Common Pleas of Summit County, Ohio. Alexander filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) & (d). This court has jurisdiction over Alexander's claims.

*B. Statute of Limitations*

Respondent argues that Alexander's petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

5

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The state appellate court affirmed the judgment of the trial court on May 18, 2005.  Ohio S. Ct. Prac. R. II, § 2(A) required Alexander to file an application for review by the Ohio Supreme Court within 45 days of this date, by July 1, 2005.  Alexander failed to file a timely notice of appeal in the Ohio Supreme Court.  Thus, the statutory period for filing a petition for a writ of habeas corpus began to run on July 5, 2005.[2]  Eighty-six days ran on the statutory period until Alexander filed a motion for leave to file a delayed appeal on September 29, 2005, thus tolling the statutory period.

The Ohio Supreme Court denied Alexander's motion for a delayed appeal on November 9, 2005.  The clock was tolled from November 9, 2006 through February 7, 2006, the period within which Alexander could have filed a petition for a writ of certiorari in the Supreme Court.  The clock began to run again on February 8, 2006, and it ran until it expired on November 13, 2006.

---

[2] As respondent indicates, the statutory period would have begun to run on July 2, 2005.  That was the Saturday of the Fourth of July weekend, however.  Thus, the statutory period did not begin to run until Tuesday, July 5, 2005, the first day on which Alexander could have filed his petition.

Alexander's application to reopen his direct appeal pursuant to Ohio App. R. 26(B) did not toll the statutory period. Section 2244(d)(2) allows for tolling of the statutory period during the pendency of an "application for State post-conviction or other collateral review." The state appellate court rejected Alexander's application, however, because he failed to file his application within the 90-day period required by rule and failed to show good cause for his untimely application. That is, the appellate court denied Alexander's application *inter alia* for failure to meet the procedural requirements of Ohio App. R. 26(B). Because Alexander's petition was not "properly filed," it did not toll the running of the statutory period. *See Artuz v. Bennet*, 531 U.S. 4, 8-10 (2000).

The period within which Alexander could have filed a timely petition for a writ of habeas corpus expired on November 13, 2006. Alexander did not file the instant petition until November 22, 2006. Thus, Alexander's petition is barred by the statute of limitations.

III

For the reasons given above the magistrate judge recommends that the court dismiss Alexander's petition for a writ of habeas corpus.

Date: May 14, 2007  /s/Patricia A. Hemann
Patricia A. Hemann
United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).