UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. ALEXANDER, | ) | Case No. 5:06CV2827 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DAVID BOBBY, WARDEN | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

On November 22, 2006, petitioner William L. Alexander (petitioner) filed a *pro se* Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 (Docket No. 1). On January 8, 2007, the case was referred to Magistrate Judge Patricia A. Hemann pursuant to Local Rule 72.2 (Docket No. 4). In a Report and Recommendation dated May 14, 2007, the Magistrate Judge recommended that petitioner's application for *habeas corpus* relief be denied because his claims were barred by the applicable statute of limitations (Docket No. 14). An Amended Report and Recommendation that corrected the name of the district court judge was filed on May 17, 2007 (Docket No. 16).

Federal Rules of Civil Procedure 72(b) provides that objections to a report and recommendation must be filed within ten (10) days after service, but petitioner has failed to timely file any such objections. Therefore, the Court must assume that petitioner is satisfied with the Magistrate Judge's recommendation. Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813

(6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Therefore, Magistrate Judge Hemann's report and recommendation is hereby **ADOPTED** and petitioner's Writ of *Habeas Corpus* (Docket No. 1) is **DENIED**. Additionally, inasmuch as the Court finds that the Magistrate Judge properly determined that any petition challenging petitioner's state court conviction and sentence would have been time-barred, petitioner's motion to amend his petition is **DENIED**[1] (Docket No. 3).

Furthermore, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.


Dated: July 6, 2007                                          *s/ Sara Lioi*
                                                             Hon. Sara Lioi
                                                             United States District Judge

---

[1] Petitioner's motion, styled "Motion to Amend," is in actuality a motion to expand the record. In his motion, petitioner attempts to expand the record to include statements and deposition testimony from witnesses in a civil matter. Petitioner represent that this evidence goes to the merits of his underlying petition claims. Because this evidence would in no way change the untimeless of his petition, the motion is properly denied.

2